UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB MCCALISTER BELL, SR.** <br>     **LA. DOC #442374** <br> **VS.** | **CIVIL ACTION NO. 6:14-0775** <br><br> **SECTION P** <br><br> **JUDGE DOHERTY** <br> **WARDEN, RIVER CORRECTIONAL** <br> **CENTER** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Jacob McCalister Bell, Sr., a prisoner in custody of the Louisiana Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 4, 2014. Petitioner attacks his March 8, 2013 conviction for fourth offense driving while intoxicated, entered by Sixteenth Judicial District Court for St. Mary Parish, Louisiana, for which petitioner was sentenced to 20 years imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing his petition.

### Factual Background

On March 8, 2013 petitioner was found guilty of fourth offense driving while intoxicated committed on December 8, 2011. He was sentenced to serve 20 years imprisonment on July 10, 2013. The record reveals that appellate counsel (Gwendolyn Brown of the Louisiana Appellate Project) has been appointed to represent petitioner on

direct appeal. [rec. doc. 1-1, pg. 1-4; rec. doc. 9, ¶ 16(e); rec. doc. 7-1, pg. 1]. The appellate court is awaiting the filing of the lower court record, after which briefing deadlines will be set; however, there has been some delay as a result of requests by the court reporter for extensions of time within which to prepare the record. [rec. doc. 7-1, pg. 2-4].

Moreover, petitioner repeatedly admits that his direct appeal is currently pending. [rec. doc. 1, ¶ 14 and 17(c); rec. doc. 9, ¶ 12 Ground One (c) and (d)(7), Ground Three (c), Ground Four (c), 13(b), 15 and 16(e)]. This information was confirmed via communication with the Clerk of the Louisiana Court of Appeal for the First Circuit who advised that a Notice of Appeal has been filed and that the court is awaiting receipt of the lower court record from the court reporter to proceed.

Petitioner filed the instant *pro se* petition for federal writ of *habeas corpus* on April 4, 2014. In his original pleading, petitioner alleges the following claims for relief: (1) that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; (2) that his privilege against self-incrimination was violated; (3) prosecution failed to disclose evidence favorable to the defense; and, (4) violation of the prohibition against double jeopardy. [rec. doc. 1]. By amended pleading petitioner alleges the following additional claims for relief: (1) that he was arrested without a warrant and probable cause was lacking; (2) that the trial court failed to rule on his *pro se* motions; (3) discovery violations; (4) that he was illegally detained by a summons; (5) speedy trial violation; and (6) multiple judges ruled on matters in his case. [rec. doc. 9].

## Law and Analysis

In light of the above procedural history, it is clear that petitioner has not fully and properly exhausted his claims in the Louisiana state courts before proceeding in this Court.

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Moreover, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of his federal Constitutional claims to the Louisiana Supreme Court in a procedurally proper manner.

In this case, petitioner's claims have never been properly presented to the Louisiana Supreme Court. Petitioner's direct appeal is still pending in the Louisiana First Circuit Court of Appeal. Accordingly, petitioner has not yet had the opportunity to seek further direct review in the Louisiana Supreme Court.[1] Moreover, petitioner has not yet properly sought State post-conviction relief. Until the Louisiana First Circuit Court of Appeal rules on petitioner's pending direct appeal and petitioner has thereafter properly sought review of his claims in the Louisiana Supreme Court, and that court has ruled on his claims, review by this federal court is unavailable. While it appears that there has been some delay in the appellate process in the preparation of the state court record, that process is nevertheless ongoing.[2] This court cannot proceed until after the state court has had an opportunity to rule on petitioner's claims. *Rose v. Lundy*, 455 U.S. 509, 516-518,

---

[1] The record reveals that petitioner has filed numerous *pro se* motions and writs in the Louisiana state courts before and after his conviction, including claims requesting a speedy trial, which claim was ultimately denied as moot by the Louisiana Supreme Court after petitioner had been tried and convicted. *See* rec. doc. 1-1, 18 and 17, *State ex rel. Bell v. State,* 122 So.3d 1018 (La. 10/4/13) (denying review of Third Circuit Writ No. 2010 -KW- 1985, on petitioner's request for a speedy trial, ordering the trial court to proceed petitioner's case to disposition). Petitioner apparently also has another *pro se* writ application currently pending in the Louisiana First Circuit Court of Appeal under docket number 2014-KW-0873.
  Petitioner additionally filed a prior federal writ of *habeas corpus* seeking release from custody and dismissal of the charges based on an alleged violation of his right to a speedy trial; that case was dismissed as moot and as failing to state a claim upon which relief may be granted on November 12, 2013. *Bell v. Warden*, 6:12-cv-1769 (W.D. La.).

[2] Although unclear, some of the delay may be the result of petitioner's continued *pro se* filings.

102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  For these reasons;

**IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief should be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully and properly exhaust available State court remedies prior to filing his petition.

Under the provisions of 28 U.S.C. §  636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

   **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, July 9, 2014.

*[Signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  7//9/2014
By:  MBD